BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ANDROGEL PRODUCTS LIABILITY LITIGATION | § § § § § MDL DOCKET NO. 2545 |

**RESPONSE IN SUPPORT OF MOTION FOR TRANSFER AND
COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. §1407 AND
REQUEST FOR TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA**

I.  **INTRODUCTION**

Plaintiffs, Joseph Albright, Mark S. Harris, Ronald W. Husted, Sr., and Walter and Donna McGill, are currently parties to lawsuits now pending in the United States District Court for the Eastern District of Pennsylvania. *See Albright v. AbbVie Inc., et al.*, 14-2112 (E.D.Pa.) (assigned to the Honorable C. Darnell Jones, II); *Harris v. Abbvie Inc., et al.*, 14-2113 (E.D.Pa.) (assigned to the Honorable L. Felipe Restrepo); *Husted, Sr. v. Abbvie Inc., et al.*, 14-2111 (E.D.Pa.) (assigned to the Honorable Thomas N. O'Neill, Jr.); *McGill v. Actavis, Inc., et al.*, 14-2177 (E.D.Pa.) (assigned to the Honorable L. Felipe Restrepo). Each of the Plaintiffs alleges that they suffered personal injuries after ingesting Defendants' testosterone replacement therapies.[1]

Plaintiffs are filing the instant response with respect to a recent motion for transfer and coordination or consolidation under 28 U.S.C. § 1407 that was filed by Movants, Rafael Barrios ("Barrios") and his wife Connie Barrios ("Ms. Barrios").[2] Plaintiffs are also filing the instant

---

[1] In addition to Plaintiffs' lawsuits, there is one additional lawsuit pending in the Eastern District of Pennsylvania. *See Tejeda v. AbbVie Inc., et al.*, 14-946 (E.D.Pa.) (Alejandro J.). In light of the five actions pending in the Eastern District of Pennsylvania, Plaintiffs intend to file a motion to consolidate all five of these actions before a single judge within the next two days.

[2] Movants are plaintiffs in an action styled *Barrios v. AbbVie Inc.*, 14-0839 (E.D.La.)(Feldman, J.).

1

response with respect to another motion to transfer that was filed by various plaintiffs to proceedings now pending in the United States District Court for the Northern District of Illinois (the "Illinois Plaintiffs"). Both of these motions to transfer are pending before this Panel under MDL 2545. *See In Re: Androgel Product Liability Litigation*, MDL 2545. While the Barrios plaintiffs propose that the Panel create an MDL litigation with respect to all testosterone replacement therapies, the Illinois Plaintiffs request that the Panel create an MDL with respect to just one testosterone replacement therapy, Androgel. In addition, these motions for transfer also differ in that the Barrios plaintiffs request transfer to the Eastern District of Louisiana, whereas the Illinois Plaintiffs request transfer to the Northern District of Illinois.

Plaintiffs join both motions to transfer so far as they request transfer and coordination or consolidation pursuant to 28 U.S.C. § 1407. Consolidation and coordination of these proceedings as an MDL is warranted in light of common questions of fact involved in the Related Actions. Such consolidation and coordination will conserve judicial resources, promote efficient management of litigation, and avoid inconsistent pretrial rulings. Plaintiffs also concur with the Barrios plaintiffs so far as their motion to transfer requests that the litigation involving all testosterone therapy drugs, and not just Androgel, be transferred and consolidated as part of an MDL litigation.

Notwithstanding Plaintiffs agreement with the above referenced motions to transfer, Plaintiffs believe this litigation should be transferred and consolidated before the United States District Court for the Eastern District of Pennsylvania. Two of the existing defendants in the Related Actions, Auxilium Pharaceuticals, Inc. and Endo Pharmaceuticals Inc., are located within the Eastern District of Pennsylvania and two additional defendants in the Related Actions, Actavis Pharma, Inc., and Pfizer Inc., are located within ninety (90) miles of the courthouse.

Furthermore, the Eastern District of Pennsylvania is a highly experienced forum in terms of handling and resolving complex litigations, including multidistrict products liability litigations involving pharmaceutical drugs. The Eastern District of Pennsylvania is equipped with a district clerk's office which has demonstrated the ability to manage large complex multidistrict litigations including such cases as *In re: Diet Drugs*, MDL 1203; *In re: Orthopedic Bone Screws,* MDL 1014; *In re: Avandia*, MDL 1871; *In re: Asbestos Products Liability Litigation*, MDL 875; and *In re: CertainTeed Fiber Cement Siding Litigation*, MDL 2270. In light of the Eastern District of Pennsylvania's past and current experience with complex multidistrict litigations and its close proximity to several of the defendants' corporate headquarters, Plaintiffs respectfully request that the instant litigation be consolidated for pretrial purposes in the Eastern District of Pennsylvania.

## II. ARGUMENT

### A. TRANSFER OF THE ACTIONS TO ONE COURT FOR CONSOLIDATION OR COORDINATION IS APPROPRIATE UNDER 28 U.S.C. § 1407

Plaintiffs have reviewed the Barrios plaintiffs' memorandum of law in support of their motion to transfer and concur with that memorandum of law so far as it argues transfer to one court for consolidation is appropriate under 28 U.S.C. § 1407. Plaintiffs adopt and incorporate that analysis herein by reference.

In their memorandum of law is support of their motion to transfer, the Barrios plaintiffs point out several cases where the Panel has conferred MDL status on cases involving multiple defendants and multiple different products.[3] Plaintiffs concur with this analysis and believe that

---

[3] *See In re Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litigation*, MDL 2436 (J.P.M.L. 2013) (consolidating product liability actions involving multiple manufacturers of various over-the-counter acetaminophen products before the Honorable

3

the authority cited by the Barrios plaintiffs demonstrates that it would be appropriate for the Panel to transfer and consolidate the litigation involving all testosterone replacement therapies into a single MDL litigation. In addition, Plaintiffs also wish to call the Panel's attention to the fact that the court overseeing the pelvic surgical mesh litigation, MDLs 2325, 2326, and 2327, created separate discovery committees with respect to each of the products at issue in that litigation. Thus, not only is it appropriate for the Panel to transfer the testosterone litigation to a single jurist but, as Judge Goodwin's handling of the pelvic mesh litigation demonstrates, there are effective management techniques should the Panel elect to consolidate the instant litigation before a single judge.

---

Lawrence F. Stengel); *In re American Medical Systems, Inc., Pelvic Repair Systems Products Liability* Litigation, MDL 2325 (J.P.M.L. 2012) (consolidating MDL Nos. 2325, 2326, and 2327, which involved various models of pelvic surgical mesh products manufactured by three groups of manufacturers, before the Honorable Joseph R. Goodwin); In *re Chinese–Manufactured Drywall Prods. Liab. Litig.,* 626 F.Supp.2d 1346 (J.P.M.L.2009) (consolidating actions involving defective drywall manufactured by various different Chinese manufacturing defendants to the Honorable Eldon E. Fallon); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 173 F.Supp.2d 1377, 1379-80 (J.P.M.L. 2001)(consolidating actions involving separate defendants and separate over-the-counter products where the actions remained rooted in complex core questions concerning the safety of a common substance in numerous over-the-counter cough-cold and weight-loss products that were manufactured and distributed by multiple defendants under different brand names to the Honorable Barbara J. Rothstein); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, 990 F.Supp. 834, 834-36 (J.P.M.L. 2001) (consolidating actions concerning in excess of three separate diet drugs and involving multiple defendants where there were common factual questions regarding alleged defects in the drugs and assigning case to the Honorable Louis C. Bechtle); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, (MDL 1014) (J.P.M.L. August 4, 1994) (consolidating actions involving multiple manufacturers of orthopedic bone screws even though these actions involved different products with varying designs and assigned case to case to the Honorable Louis C. Bechtle); *In re Silicone Gel Breast Implants Products Liab. Litig.*, 793 F. Supp. 1098, 1099-100 (J.P.M.L. 1992) (consolidating 78 actions involving multiple manufacturers of breast implants even though these actions involved substantial variation in the underlying product and assigning case to the Honorable Sam C. Pointer, Jr.); *In re Humana Inc. Managed Care Litig.*, MDL-1334, 2000 WL 1925080 (J.P.M.L. Oct. 23, 2000) (consolidating multiple class actions pending against different HMOs and involving different products and assigning case to the Honorable Federico A. Moreno).

### B. THE EASTERN DISTRICT OF PENNSYLVANIA IS THE MOST APPROPRIATE FORUM FOR TRANSFER AND CONSOLIDATION

In determining the most appropriate transferee forum, the Panel considers, among other things, "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, . . . the experience, skill, and caseloads of available judges," where the first filed case is located, and whether the proposed district provides an accessible location. *See* Manual for Complex Litigation (Fourth) § 20.131 (2005); *In re Educ. Testing Serv. Plt 7-12 Test Scoring Litig.*, 350 F. Supp. 2d 1363, 1365 (J.P.M.L. 2004)(Panel found district appropriate where four of the thirteen actions were already pending in the district, the district provided an accessible, metropolitan location, the district had favorable caseload conditions, and the judge had experience managing multidistrict litigation); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L.1973)(Panel considered the conveniences of the parties and witnesses, location of relevant documents, stage of pretrial proceedings, and the status of civil dockets).

#### 1. Two Defendants Are Located in the Eastern District of Pennsylvania and Two Additional Defendants are Located in Close Proximity to the Eastern District of Pennsylvania

The Panel has often stated its preference for consolidation in the district in which the principal place of business of the Defendant is located, as well as witnesses and documents. *See, e.g.*, *In re Allegheny Energy Inc. Sec. Litig.*, 259 F. Supp. 2d 1368, 1369 (J.P.M.L. 2003). While the Illinois Plaintiffs take the position that this litigation should be transferred and consolidated in the Northern District of Illinois since the manufacturer of AndroGel, Abbott Laboratories, Inc., is located in Illinois, Plaintiffs note that several important manufacturers of testosterone

replacement therapies are located in the Eastern District of Pennsylvania or nearby in New Jersey and New York. Four of these manufacturers are defendants in the Related Actions.

For instance, the manufacturer of Striant, Testopel, and Testim, Auxilium Pharaceuticals, Inc., is located in Chesterbrook, Pennsylvania, which falls within the Eastern District of Pennsylvania. Auxilium is a defendant in several of the Related Actions. Likewise, the manufacturer of Fortesta and Delatestryl, Endo Pharmaceuticals Inc., is located in Malvern, Pennsylvania, which also falls within the Eastern District of Pennsylvania. Endo Pharmaceuticals Inc. is also a defendant in the Related Actions. Finally, the manufacturers of Androderm, Actavis Pharma, Inc., and Depo-Testosterone, Pfizer Inc., are located approximately ninety (90) miles from the Eastern District of Pennsylvania, in New Jersey and New York, respectively. Actavis and Pfizer are also defendants in this litigation. Based on their proximity to the Eastern District of Pennsylvania, each of these defendants is subject to the court's subpoena power.

Thus, many of the defendants' officers and key employees are located in Pennsylvania or nearby in New Jersey and New York. Pre-trial discovery from these defendants will involve the production and review of documents produced by these defendants and conducting depositions of their key employees, officers and directors, many of which are located in the Eastern District of Pennsylvania or nearby in New Jersey and New York. Therefore, convenience weighs in favor of transferring and consolidating these actions in the United States District Court for the Eastern District of Pennsylvania.

### 2. The Eastern District of Pennsylvania has the Capacity to Handle the Instant Litigation

The Eastern District of Pennsylvania's docket demonstrates that the court has the capacity to handle this litigation. As of March 31, 2013, the Eastern District of Pennsylvania had

12,963 pending cases.[4] However, the Eastern District's median time from filing to trial was just 17.8 months.[5]

The Eastern District also has considerable experience handling MDLs. Specifically, the Eastern District has resolved seventy-nine (79) MDLs including very large MDL litigations such as *In re: Orthopedic Bone Screw*, MDL 1014.[6] Accordingly, the Eastern District of Pennsylvania has both the experience handling MDL cases since the court has resolved seventy-nine MDLs in the past, and the capacity to handle this case now as evidenced by the fact that the Eastern District of Pennsylvania is currently handling 18 MDL litigations.[7] The Eastern District of Pennsylvania's clerk's office has demonstrated a unique ability to manage large litigations with relative ease. As a testament to the clerk's office's ability to handle very large litigations it should be noted the MDLs in *Diet Drugs* and *Asbestos* each involved an enormous number of filed cases. *See Diet Drugs*, MDL 1203 (20,202 filed cases); *Asbestos*, MDL 875 (192,041 filed cases). These cases were managed without incident by the clerk's office. Moreover, since several of these MDL litigations are nearing their final stages (*i.e.*, for instance, *Diet Drugs*), the Eastern District of Pennsylvania has the resources to take on a new MDL litigation.

### 3. The Eastern District of Pennsylvania is Easily Accessible

The Eastern District of Pennsylvania is also easily accessible. The Eastern District of Pennsylvania, is located in Philadelphia, Pennsylvania, and is easily reached by all of the states implicated so far in this multidistrict proceeding. Philadelphia is the fifth largest city in the

---

[4] *See* http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2013.aspx (last accessed April 14, 2013).

[5] *Id.*

[6] *See* http://www.jpml.uscourts.gov/sites/jpml/files/JPML_Terminated_Litigations-2013.pdf.

[7] *See* http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-March-13-2014.pdf

United States, it has ample accommodations for business travelers, and has convenient jet service to all major airports throughout the country. Philadelphia is serviced by Philadelphia International Airport ("PHL"), which is the eighteenth-busiest commercial airport in the United States in terms of passengers served. As the eighteenth-busiest airport in the United States, PHL clearly has the necessary infrastructure to accommodate the travel necessary to complete this litigation. Thus, the Eastern District of Pennsylvania will allow for the convenience of all parties since it is easily accessible.

### 4. In the Alternative, Plaintiffs believe the Eastern District of Louisiana would be an Appropriate Forum for this Litigation

To the extent the Panel disagrees that the Eastern District of Pennsylvania is an appropriate forum for transfer, it is respectfully submitted that this litigation should be transferred to the United States District Court for the Eastern District of Louisiana.[8] As with the Eastern District of Pennsylvania, the Eastern District of Louisiana has numerous judicial resources and the ability and past experience of handling complex multidistrict litigations. *See In re Propulsid Liability Litigation,* 2000 WL 35621417 (J.P.M.L. 2000) (Fallon, J.); *In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005) (Fallon, J.); *In re Chinese-Drywall Products Liability Litigation*, 626 F.Supp.2d 1346 (J.P.M.L. 2009) (Fallon, J.); *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico,* 731 F.Supp.2d 135 (J.P.M.L. 2010) (Barbier, J.); *In re Pool Products Distribution Market Antitrust Litigation,* 856 F.Supp.2d 1341, J.P.M.L. 2012) (Vance, J.). Therefore, the Eastern District of Louisiana provides an excellent alternative forum to the Eastern District of Pennsylvania.

---

[8] Three of the Related Actions are currently pending in the Eastern District of Louisiana. *See Peuler v. Auxilium Pharmaceuticals*, 14-658 (E.D.La.) (Fallon, J.); *LoCoco, II v. AbbVie Inc.*, 14-774 (E.D.La.)(Barbier, J.); *Barrios v. AbbVie Inc.*, 14-00839 (E.D.La.)(Feldman, J.).

## II. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Panel grant the pending motions for transfer and coordination or consolidation under 28 U.S.C. § 1407 and transfer the Related Actions to the Eastern District of Pennsylvania.

Dated: April 14, 2014

                                        Respectfully submitted,

                                        /s/ Arnold Levin
                                        ARNOLD LEVIN
                                        FRED S. LONGER
                                        MATTHEW GAUGHAN
                                        510 Walnut Street, Suite 500
                                        Philadelphia, PA 19106
                                        Ph: 215 592-1500
                                        Fax: 215592-4663
                                        E-mail: ALevin@lfsblaw.com
                                        E-mail: FLonger@lfsblaw.com
                                        Email: MGaughan@lfsblaw.com