BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTI-DISTRICT LITIGATION

| IN RE: ANDROGEL PRODUCTS LIABILITY LITIGATION | MDL NO. 2545 |
|---|---|

**INTERESTED PARTY'S CONSOLIDATED RESPONSE IN SUPPORT OF
MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF
ILLINOIS PURSUANT TO 28 U.S.C. § 1407**

Comes now, Plaintiff John Emmons, the named Plaintiff in *John Emmons v. Abbott Laboratories, Inc. and AbbVie, Inc. United States District Court for the Northern District of Illinois, Civil Action No. 1:14-cv-02221* ("Plaintiff Emmons"), and pursuant to 28 U.S.C. § 1407 and Rule 6.2(E) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, respectfully submits this Interested Party Response in Support of an Order Transferring and Consolidating this litigation to the United States District Court for the Northern District of Illinois. Plaintiff Emmons alleges that he suffered harm from the use of a testosterone replacement product known as Androgel, which was designed, manufactured and/or marketed by the Defendants Abbott Laboratories, Inc. and AbbVie, Inc. (the "AbbVie Defendants").

On or about March 28, 2014, fourteen (14) plaintiffs with product liability actions pending against the AbbVie Defendants in the Northern District of Illinois ("the Illinois Plaintiffs")[1] filed a Motion for Transfer, Coordination and/or Consolidation pursuant to 28 U.S.C. § 1407, and seek the creation of an MDL for all product liability actions involving Androgel. The Illinois Plaintiffs request that the Androgel MDL be assigned to the Hon.

---

[1] The schedule of actions provided by the Illinois Plaintiffs includes two actions which include claims against other Defendants in addition to the AbbVie Defendants: (1) 1:14-cv-1298, which also names Lilly USA, Inc. and Eli Lilly & Co. as Defendants; (2) 1:14-cv-1483, which also names Endo Pharmaceuticals, Inc. as a Defendant. *See* [D.E. 1-2].

Matthew F. Kennelly, who is currently presiding over all Androgel product liability actions pending in the Northern District of Illinois.[2] *See* [D.E. 1 and 1-1]; *see also* [D.E. 45] (Response supporting Motion of Illinois Plaintiffs).

On or about April 14, 2014, two plaintiffs (the "Barrios Plaintiffs") in a single action against the AbbVie Defendants pending in the Eastern District of Louisiana filed a second Motion for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407, which seeks to expand the proposed MDL to include all testosterone therapy drugs. *See* [D.E. 17 and 17-1]. The Barrios Plaintiffs request the expanded MDL be assigned to a judge in the Eastern District of Louisiana. Other Plaintiffs have now filed responses wherein they support an expanded MDL but seek transfer instead to the Eastern District of Pennsylvania. *See* [D.E. 25; 37]. In addition, one Plaintiff has filed a response wherein he supports an expanded MDL but seeks transfer to the District of Colorado. *See* [D.E. 61].

Plaintiff Emmons agrees with the Illinois Plaintiffs that this Panel should enter an order consolidating and transferring all Androgel actions to the Northern District of Illinois, and further agree that Judge Kennelly is the appropriate Judge in said District to receive the assignment. The Androgel MDL should include all actions in which the AbbVie Defendants are named, including those actions which also name other testosterone replacement therapy Defendants. Plaintiff Emmons is not opposed to centralization of cases involving other testosterone replacement therapy Defendants in which the AbbVie Defendants are not named

---

[2] There are currently fifty one (51) actions that have been or will be consolidated for pre-trial proceedings before Judge Kennelly. The AbbVie Defendants are named in all of these actions, and other pharmaceutical defendants are also named in four of the actions: (1) 1:14-cv-1298, which also names Lilly USA, Inc. and Eli Lilly & Co. as Defendants; (2) 1:14-cv-1483, which also names Endo Pharmaceuticals, Inc. as a Defendant; (3) 1:14-cv-2228, which also names Auxilium Pharmaceuticals, Inc. as a Defendant; and (4) 1:14-cv-2495, which also names Lilly USA, Inc. and Eli Lilly & Co. as Defendants.

should that become appropriate at some point in the future. However, such an expanded MDL appears premature at this time because there are currently only five actions wherein the AbbVie Defendants are not named.³

Even if the Panel is inclined to create an expanded MDL to include all testosterone replacement therapy products, the Panel should still transfer the MDL to Judge Kennelly because: (1) the overwhelming majority of actions and the first-filed action is pending before Judge Kennelly; (2) the overwhelming majority of actions include the AbbVie Defendants as common defendants, who have their principal places of business within the Northern District of Illinois and, as a result, there is a clear nexus with said District because relevant documents and witnesses likely will be located there; and (3) the Northern District of Illinois is a well-prepared and convenient venue to handle the litigation.

## ARGUMENT

### A. The Androgel actions are appropriate for transfer and pre-trial coordination under 28 U.S.C. § 1407.

Section 1407(a) provides that "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). "[T]ransfers shall be made by the judicial panel of multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." *Id*. Based on the

---

³ These actions are: (1) *Hill v. Auxilium Pharmaceuticals, Inc.,* 14-2189 (E.D. Pa.)(involving Testim); (2) *Peuler v. Auxilium Pharmaceuticals, Inc.,*14-658 (E.D. La) (involving Testim); (3) *McGill v. Actavis, Inc. et al.,* 14-2177 (E.D.Pa.) (involving Androderm and Depo Testosterone); (4) *Hall v. Actavis, PLC et al.,* 14-453 (D. Nev.) (involving Androderm); and (5) *Davis v. Actavis Pharma. Inc.,* 14-596 (D. Nev.) (involving Androderm).

current and anticipated number of Androgel-related claims and the existence of common questions of fact, the requirements for transfer under Section 1407 are met here.

All of the pending Androgel actions involve common questions of fact, including whether the AbbVie Defendants knew or should have known of the dangerous propensity of Androgel to cause cardiovascular injuries, strokes and thrombolytic events; whether the warnings were sufficient to alert users of the risk of adverse events; whether the AbbVie Defendants were negligent in marketing, promoting, or distributing Androgel; and whether Androgel conformed to Pfizer's implied warranties. Because of the commonality among the current and anticipated claims, these Androgel-related cases are well suited for transfer and pretrial consolidation. Consolidation will foster the just and efficient conduct of these actions by preventing duplicative discovery and preventing inconsistent resolution of pretrial issues. *See, e.g., In re: Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL 2172, 2010 WL 3270115 (Aug. 17, 2010) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary").

**B. The MDL should include Androgel actions wherein the Plaintiffs allege harm from multiple products.**

Some of the Androgel actions include claims against Defendants other than the AbbVie Defendants by Plaintiffs who took testosterone therapy replacement products in addition to Androgel.[4] The Defendants may argue that these claims against Defendants other than the AbbVie Defendants should not be included in the Androgel MDL. This argument should fail. As this Panel has recognized repeatedly, "Section 1407 does not require a complete identity or

---

[4] There are currently sixty (60) Androgel actions filed in four (4) judicial districts. *See* Schedule of Actions. Six (6) of these actions include claims against Defendants other than the AbbVie Defendants.

even a majority of factual issues as a prerequisite to centralization." *In re: Darvocet, Darvon and Propoxyphene Products Liability Litigation,* 780 F.Supp.2d 1379, 1381 (J.P.M.L. 2011). In pharmaceutical cases where the Plaintiff alleges multiple drugs in combination caused her injury, the Panel has recognized this scenario creates common issues because it suggests that discovery specific to the plaintiffs in those cases will involve many of the same or substantially similar documents and witnesses. *In re: Incretin Mimetics Products Liability Litigation,* 2013 WL 4838859 (J.P.M.L.). Moreover, excluding claims against other Defendants will only result in duplicative discovery and pretrial practice. *In re: Nexium (Esoprazole) Products Liability Litigation,* 908 F.Supp.2d 1362, 1364 (J.P.M.L. 2012).

**C. The Northern District of Illinois has the strongest nexus to the litigation.**

Regardless of the scope of the MDL, the Northern District of Illinois has the strongest nexus to the litigation. This Panel has often indicated that a key factor in determining the appropriate location for an MDL is where the majority of actions are pending. *See In re: Zimmer Durom Hip Cup Products Liability Litigation,* 717 F.Supp.2d 1376, 1378 (J.P.M.L. 2010) (transferring to district where a substantial majority (33 of 45) actions were pending); *In re: Nexium (Esoprazole) Products Liability Litigation,* 908 F.Supp.2d 1362, 1364 (J.P.M.L. 2010) (transferring to district where pending actions involved vast majority of plaintiffs). Here, the vast majority of all testosterone actions (51 out of 65) are pending before Judge Kennelly.[5]

---

[5] Fifty One (51) of the Sixty (60) Androgel Actions are pending before Judge Kennelly. Four (4) of the actions pending in the Eastern District of Pennsylvania only name the AbbVie Defendants and none of the Plaintiffs in those cases are residents of the Eastern District of Pennsylvania. *See Albright v. AbbVie Inc. et al,* 14-2112 (E.D. Pa.) (plaintiff resident of New Jersey); *Harris v. AbbVie et al.,* 14-2113 (same); *Husted v. AbbVie, Inc.,* 14-2111 (same); *Tejada v. AbbVie, et al.,* 14-946 (plaintiff resident of Florida). These actions appear to have no connection to the Eastern District of Pennsylvania.

Another important factor considered by the Panel is the location of a common Defendant's headquarters because a significant amount of discovery will likely relate to documents and witnesses found there. *See In re: Enhanced Recovery Co. LLC, Telephone Consumer Protection Act Litigation,* 899 F.Supp.2d 1382, 1383 (J.P.M.L. 2012); *In re: Nissan North America Inc.,* 542 F.Supp.2d 1367 (J.P.M.L. 2008). Both AbbVie Defendants have their principal place of business in the Northern District of Illinois. The AbbVie Defendants are common Defendants in sixty (60) of the total number of sixty five (65) testosterone actions pending in five (5) federal judicial districts. By comparison, the other Defendants are only named in a handful of actions.

It is likely that the AbbVie Defendants will continue to be the primary Defendants in this litigation as more cases are filed. Sales of the AbbVie Defendant's Androgel have been substantial greater than the sales of other testosterone replacement therapy drugs. For example, in 2013, Androgel had sales of $1.035 billion.[6] By comparison, in 2013, sales of Auxilium Pharmaceutical's Testim were only 211.2 million[7], and sales of Eli Lilly & Company's Axiron were only $124 million.[8] As of September 2013, Androgel comprised 64.9% of United States testosterone gel therapy prescriptions, whereas Testim only comprised 22%, Axiron only comprised 14%, and Endo Pharmaceutical's Fortesta only comprised 1%.[9]

---

[6] Abbvie, Inc. (2014). 2013 Annual Report on Form 10-K. Retrieved from http://www.abbvieinvestor.com

[7] Auxilium Pharmaceuticals, Inc. (2014). 2013 Annual Report. Retrieved from http://ir.auxilium.com

[8] Acrux Limited (2014). 2013 Annual Report. Retrieved from http://www.acrux.com.

[9] Acrux Limited (2014). 2013 Annual Report. Retrieved from http://www.acrux.com.

Thus, while some of the Defendants are based near the Eastern District of Pennsylvania,[10] the claims against these Defendants will be substantially less in number than than the claims against the AbbVie Defendants. Given that some Plaintiffs will have taken multiple drugs, and as has been seen already, it is likely that the overwhelming majority of actions will include the AbbVie Defendants as common Defendants. It is, therefore, clear that the strongest nexus to this litigation will be in the Northern District of Illinois, and, therefore, the MDL should be assigned there. *See In re: Navistar 6.0L Diesel Engine Products Liability Litigation,* 777 F. Supp.2d 1347 (2011) (declining other suggested districts that did not have similarly significant ties to the litigation).

### D. The Northern District of Illinois is a well-prepared and convenient venue to handle the MDL.

Convenience of the parties and witnesses is achieved as the Northern District of Illinois is centrally located in Chicago which is easily accessible by litigants from across the country. Chicago is also among the most convenient locations in the country. Specifically, Chicago hosts two major airports; the O'Hare International Airport and Chicago Midway International Airport. O'Hare is the third busiest airport in the world with 66,790,996 passengers passing through the airport in 2011 and serves as the primary and largest hub for United Airlines and a significant hub for American Airlines.[11] Midway is a significant hub for Southwest Airlines and services its other two major operators, AirTran Airways and Delta Airlines with 18,883,170 passengers passing through the airport in 2011. *Id.*

---

[10] Notably, none of the Defendants' principal offices are located near the Eastern District of Louisiana or the District of Colorado.

[11] http://www.flychicago.com/business/en/budget/Airport-Budget-Statistics.aspx.

The importance of the median time to disposition in the district courts has also previously been recognized by the Panel as an important consideration. *In re National Student Marketing Lit.,* 368 F. Supp. 1311, 1318 (J.P.M.L. 1972). According to judicial statistics for the twelve-month period ending in December 31, 2013, civil cases proceeded to trial in the Northern District of Illinois in 33.1 months. The Northern District of Illinois' median time to disposition other than trial for civil cases was a mere 6.8 months. *See Federal Court Management Statistics – District Courts, December 2012.* These statistics demonstrate the Northern District of Illinois' ability to resolve complex cases in a timely and efficient manner.

**E. Judge Matthew F. Kennelly is an exceptionally well-qualified and experienced jurist who is capable of presiding over the MDL.**

The Hon. Matthew F. Kennelly has served as a federal judge since 1999. This Panel has previously recognized Judge Kennelly's qualifications by assigning him multiple MDLs, and Judge Kennelly has a proven track record as a capable MDL jurist. *See In re: McDonald's Corp. Promotional Games Litigation,* 192 F.Supp.2d 1381 (J.P.M.L. 2002); *In re: Text Messaging Antitrust Litigation,* 588 F.Supp.2d 1372 (J.P.M.L. 2008); *In re: Navistar 6.0 L Diesel Engine Products Liability Litigation,* 777 F.Supp.2d 1372 (J.P.M.L. 2008); *In re: Watson Fentanyl Patch Products Liability Litigation,* 192 F.Supp.2d 1350 (J.P.M.L. 2012). Judge Kennelly is already effectively managing all of the Androgel actions pending in the Northern District of Illinois. Judge Kennelly has conducted an initial status conference, has ordered the parties to meet and confer on a variety of issues, including a protective order, a document preservation order, a procedure for producing electronically-stored information (ESI), and the format of a plaintiff's fact sheet, and has also ordered a briefing schedule on Defendants' Motions to Dismiss. *See* Exhibit "A", Pretrial Order No. 2. Given Judge Kennelly's familiarity with the

litigation, and the strong nexus of the litigation to the Northern District of Illinois, this Panel should assign this MDL to Judge Kennelly.

**WHEREFORE,** Plaintiff John Emmons respectfully request that this Panel order the consolidation of all genuinely related matters for pretrial proceedings and transfer of the same to the Northern District of Illinois.  Additionally, Judge Matthew F. Kennelly is well-suited and qualified to hear this litigation, and Plaintiff respectfully requests the transfer of all genuinely related matters to Judge Kennelly.

Date:  April 23, 2014                              Respectfully submitted,

                                HEARD ROBINS CLOUD LLP

By: _____
Bill Robins III
2000 West Loop South, Suite 2200
Houston, Texas 77027
(713) 650-1200 (Telephone)
(713) 650-1400 (Facsimile)

*For Plaintiff John Emmons*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 23, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                       /s/ Bill Robins III
                                       Bill Robins III