BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTI-DISTRICT LITIGATION

| IN RE: ANDROGEL PRODUCTS LIABILITY LITIGATION | MDL NO. 2545 |
|---|---|

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407**

Plaintiff Ronald Couwenhoven ("Plaintiff Couwenhoven") and additional plaintiffs identified on Exhibit A, pursuant to 28 U.S.C. § 1407 and Rule 6.2(E) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, respectfully submits this Interested Party Response in Support of an Order Transferring and Consolidating this litigation and all actions against Testosterone Replacement Therapy Defendants[1] to the United States District Court for the Central District of California. Plaintiff Couwenhoven alleges that he suffered severe injuries as a result of his use of two testosterone replacement therapies: Androgel and Androderm. Androgel is designed, manufactured and/or marketed by Defendants Abbott Laboratories, Inc. and AbbVie, Inc. and Androderm is designed, manufactured and/or marketed by Defendant Actavis, Inc.[2]

The United States District Court for the Central District of California is the proper venue for this litigation because (i) there is likely to be a consolidation in California State Court; (ii) weather will not be a factor for the Court to conduct status conferences, hearings and trial; and (iii) there are numerous hotels near the Central District of California courthouse and numerous airplane carriers that fly in and out of the Los Angeles airport to provide convenience to the hundreds of lawyers already involved in this litigation.

---

[1] This includes cases against Abbott Laboratories, Inc., AbbVie Inc., Auxilium Pharmaceuticals, Inc., Endo Pharmaceuticals, Inc, Pfizer Inc., Eli Lilly and Company, Lilly USA LLC, and John Doe Pharmaceutical Company.
[2] Defendants Auxilium Pharmaceuticals, Inc., Endo Pharmaceuticals, Inc, Pfizer Inc., Eli Lilly and Company and Lilly USA LLC, are also potentially liable for alleged injuries caused by the design, manufacture and/or marketing of their respective products: Testopel, Testim and Striant, Fortesta, Depo-Testosterone and Axiron.

1

In the alternative, Plaintiff Couwenhoven requests that this Court order a Transfer and Consolidation of this litigation in the Northern District of Illinois but strenuously urges this Court to expand the Androgel Products Liability Action to include actions for injuries suffered as a result of the use of all testosterone replacement therapies (*hereinafter* "Testosterone Replacement Therapy Cases").  Although many claimants used Androgel *plus* one or more of the other testosterone replacement therapies, there are many seriously injured claimants who have not used Androgel who will also greatly benefit from eliminating duplicative discovery, preventing inconsistent pretrial rulings, and promoting judicial efficiency.[3]  Additionally, not ordering a consolidation of all cases against all of the manufacturers of the testosterone replacement therapies[4] will only cause other petitions for additional multi-district litigations.

## ARGUMENT

### A. Transfer of Testosterone Replacement Therapy Cases will promote the just and efficient conduct of all actions

All of the Testosterone Replacement Therapy Cases involve one or more common questions of fact.  "When civil actions involving one or more common questions of fact are pending in different districts," the Judicial Panel on Multidistrict Litigation is empowered to transfer the actions "to any district court for coordinated or consolidated pretrial proceedings" in the event the Panel determines a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). "Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *In re: Toyota Motor Corp.*

---

[3] Plaintiff Couwenhoven raises this here because other petitions have requested that the Androgel Products Liability Multi-District Litigation include other testosterone replacement therapies only where the claimant also used Androgel.

[4] Defendants include Abbott Laboratories, Inc., AbbVie Inc., Auxilium Pharmaceuticals, Inc., Endo Pharmaceuticals, Inc, Pfizer In., Eli Lilly and Company, Lilly USA LLC and John Does.

*Hybrid Brake Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL 2172, 2010 WL 3270115 (Aug. 17, 2010).

The Testosterone Replacement Therapy Cases involve the common questions of fact including, but not limited to, (i) whether the Defendants knew or should have known of the dangerous propensity of their drugs to cause cardiovascular injuries, strokes and thrombolytic events; (ii) whether the warnings were sufficient to alert users of the risk of adverse events; (iii) whether the Defendants were negligent in marketing, promoting, or distributing their drug(s); and (iv) whether the Testosterone Replacement Therapy conformed to their implied warranties.

Additionally, the consolidation of all Testosterone Replacement Therapy Cases will conserve resources. The consolidation will conserve the judiciary's resources by using only one federal judge and courthouse instead of multiple federal judges and courthouses. Further, counsel will be able to conserve resources by working together and using the same expert witnesses throughout the litigation.

**B. The MDL should include all Testosterone Replacement Therapy Cases**

All of the Testosterone Replacement Therapy Cases should be consolidated in the same federal court because all of the actions arise out of the same or similar nucleus or operative facts and alleged wrong doing. As this Panel has recognized repeatedly, "Section 1407 does not require a complete identity or even a majority of factual issues as a prerequisite to centralization." *In re: Darvocet, Darvon and Propoxyphene Products Liability Litigation*, 780 F.Supp.2d 1379, 1381 (J.P.M.L. 2011). In pharmaceutical cases where the Plaintiff alleges multiple drugs in combination caused her injury, the Panel has recognized this scenario creates common issues because it suggests that discovery specific to the plaintiffs in those cases will involve many of the same or substantially similar documents and witnesses. *In re: Incretin*

*Mimetics Products Liability Litigation*, 2013 WL 4838859 (J.P.M.L.). Moreover, excluding claims against other Defendants will only result in duplicative discovery and pretrial practice. *In re: Nexium (Esoprazole) Products Liability Litigation*, 908 F.Supp.2d 1362, 1364 (J.P.M.L. 2012).

Discovery in the Testosterone Replacement Therapy Cases will involve substantially similar documents, fact witnesses and expert witnesses. These cases involve similar questions of fact, as noted above, and involve the same signature injuries: heart attacks, strokes, pulmonary embolisms, deep vein thrombosis, and/or other thrombolytic events. Although the litigation is young, it is clear that many claimants used multiple testosterone products.[5] At a minimum, judicial efficiency is promoted by the coordination of document discovery and a single set of depositions of key witnesses.

C. **The Central District of California is an appropriate and convenient venue for the Testosterone Replacement Therapy Cases**

The Central District of California is an appropriate venue for the Testosterone Replacement Therapy Cases because (i) there is likely to be a consolidation in California State Court; (ii) weather will not be a factor for the Court to conduct status conferences, hearings and trial; and (iii) there are numerous hotels near the Central District of California courthouse and numerous airplane carriers that fly in and out of the Los Angeles airport to provide convenience to the hundreds of lawyers already involved in this litigation.

The Central District of California has many well-qualified and experienced jurists who are extremely capable of presiding over the MDL as evidenced by the litigations currently pending before the Court. *See IN RE: Medical Capital Securities Litigation* MDL – 246; *IN RE: MyKey Technology Inc. Patent Litigation* MDL – 2274; *IN RE: CitiMortgage, Inc., Home*

---

[5] All of the claimants listed on Exhibit A have sued at least two testosterone replacement therapy manufacturers.

4

*Affordable Modification Program (HAMP)* MDL – 240; *IN RE: Nexium (Esomeprazole) Products Liability Litigation* MDL – 2093; *IN RE: DIRECTV, Inc., Early Cancellation Fee Marketing and Sales Practices Litigation* MDL – 2074; *IN RE: WellPoint, Inc., Out-of-Network "UCR" Rates Litigation* MDL – 2438; *IN RE: 5-Hour Energy Marketing and Sales Practices Litigation* MDL – 1816; *IN RE: Katz Interactive Call Processing Patent Litigation* MDL - 1980 *IN RE: Toys"R"Us - Delaware, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation* MDL – 2291;  *IN RE: Wesson Oil Marketing and Sales Practices Litigation* MDL – 1891*;  IN RE: Korean Air Lines Co., Ltd., Antitrust Litigation* MDL – 2265; *IN RE: Countrywide Financial Corp. Mortgage-Backed Securities Litigation* MDL – 2199; *IN RE: POM Wonderful LLC Marketing and Sales Practices Litigation* MDL – 2151; *IN RE: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation* MDL – 2317;  *IN RE: Oreck Corporation Halo Vacuum and Air Purifiers Marketing and Sales Practices Litigation* MDL – 2007;  *IN RE: Aftermarket Automotive Lighting Products Antitrust Litigation* MDL – 2302;  *IN RE: A-Power Energy Generation Systems, Ltd., Securities Litigation* MDL – 2424; and *IN RE: Hyundai and Kia Fuel Economy Litigation* MDL- 2424.

**D.  Alternatively, Plaintiffs support the Northern District of Illinois and Judge Kennelly**

Alternatively, Plaintiffs support the Northern District of Illinois as an MDL venue for all defendants.  The Northern District of Illinois is well-prepared to handle this litigation and currently has before it consolidated actions against defendants Abbott Laboratories, Inc. and AbbVie Inc.

Plaintiffs also support the assignment of the Hon. Matthew F. Kennelly.  Judge Kennelly is already effectively managing the Androgel cases currently pending in the Northern District of

Illinois. *See also* Plaintiff Emmons' Motion For Transfer of Actions to the Northern District of Illinois.

      WHEREFORE, Plaintiff Ronald Couwenhoven respectfully request that this Panel order the consolidation of all genuinely related matters for pretrial proceedings and transfer of the same to the Central District of California.

Dated: April 25, 2014                          Respectfully submitted,

                                                         /s/ Richard Meadow_____
Richard Meadow
**THE LANIER LAW FIRM, PLLC**
126 E. 56th Street, 6th Floor
New York, NY 10022
Telephone: (212) 421-2800
Facsimile: (212) 421-2827
Email: richard.meadow@lanierlawfirm.com